```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
MARK EDWARDS,

                    Plaintiff,          MEMORANDUM & ORDER
                                        05-CV-5427(JS)(GRB)
        -against-

LT. SCHOENIG, SGT. STASKY, C.O.
GARAFOLO, C.O. RANT, C.O. ARMINI,
C.O. WHITE, C.O. PU, C.O. ROMAN,
NASSAU COUNTY UNIVERSITY MEDICAL
CENTER, DR. JOHN DOE, C.O. B.
SHEFTIC, and NASSAU HEALTH CARE
CORPORATION,

                    Defendants.
----------------------------------------X
APPEARANCES
For Plaintiff:      Mark Edwards, pro se
                    # 05A1980
                    Clinton Correctional Facility
                    P.O. Box 2001
                    Dannemora, NY 12929

For Medical
Defendants:         Alexander Sansone, Esq.
                    Troy & Troy
                    382 Rosevale Avenue
                    Lake Ronkonkoma, NY 11779

For Other
Defendants:         Liora Ben-Sorek, Esq.
                    Sean R. Strockyj, Esq.
                    Nassau County Attorney's Office
                    One West Street
                    Mineola, NY 11501
```

SEYBERT, District Judge:

Currently, pro se Plaintiff Mark Edwards ("Plaintiff") has several motions pending before this Court. Two of Plaintiff's motions, his letter motion for discovery (Docket

Entry 112) and his motion to appoint a medical expert (Docket Entry 115) are discovery related, and therefore will be addressed by Magistrate Judge Gary R. Brown.  Plaintiff's pending motion in limine (Docket Entry 103) is premature at this stage, as the undersigned's individual motion practices provide that motions in limine are to be filed seven days prior to jury selection, and jury selection has not yet been scheduled.  (SEYBERT INDIV. MOT. PRACTICE § V(B)(ii).)  Accordingly, Plaintiff's motion in limine is DISMISSED without prejudice to re-filing at the appropriate time.  Finally, also pending are Plaintiff's appeals of Judge Brown's May 22, 2012 decision regarding Plaintiff's receipt of legal documents at the Clinton Correctional Facility (Docket Entry 83) and of Judge Brown's December 10, 2012 ruling declining to impose discovery sanctions against Defendants (Docket Entry 104).  For the following reasons, Judge Brown's decisions are AFFIRMED and Plaintiff's appeals are DENIED.

## BACKGROUND

The Court presumes familiarity with the underlying facts and procedural history of this case, and therefore will discuss only the background relevant to the pending appeals.  Briefly, Plaintiff commenced this suit on November 9, 2005 against, among others, several Nassau County Corrections Officers ("Defendants") in connection with a beating that he

2

allegedly received from Defendants in August 2004, when he was an inmate at the Nassau County Correctional Center ("NCCC"). He asserts claims for assault, excessive force, and deliberate indifference to medical needs under Section 1983 of Title 42 of the United States Code ("Section 1983").

Discovery in this case has been somewhat lengthy, and Judge Brown has held various conferences. Relevant to Plaintiff's first appeal is the May 22, 2012 conference, during which Plaintiff raised an issue in receiving mail at the Clinton Correctional Facility ("Clinton"). According to Plaintiff, Clinton has a policy pursuant to which legal mail is processed relatively quickly, but mail from a "non-legal" source beyond particular page limits requires periodic authorizations, which can delay the inmate's ultimate receipt of the mail. During the May 22, 2012 conference, Judge Brown devised a solution. He ruled that certain discovery would be sent to defense counsel, and that defense counsel would then forward the materials to Plaintiff. That way, the documents would have a "legal source" and Clinton would be able to process them quickly. Although the parties agreed to that solution at the conference, Plaintiff now appeals.

In addition, discovery has also involved some extended motion practice. Specifically, on July 30, 2012, Plaintiff moved to compel the production of "[l]ogbook entries pertaining

3

to August 13,& [sic] 14, 2004 at the Nassau County Correctional Center Behavioral Modification Unit ["BMU"]." (Pl. July Mot. to Compel, Docket Entry 87, ¶ 1.) Defendants responded that there are several BMU logbooks, but insofar as Plaintiff sought the logbook containing the identities of NCCC staff on the unit on August 13, 2004, Defendants were in the process of searching. (Defs. Opp. to July Mot. to Compel, Docket Entry 90.) Judge Brown then issued an electronic order requiring Defendants to produce the logbooks. On September 4, 2012, Defendants sent Plaintiff a letter, stating that they were still searching for the logbook in question, but including the B-3 floor logbook for the dates in question. (See Defs. Resp. to OTSC, Docket Entry 96.)

On October 18, 2012, Plaintiff again moved to compel production of BMU logbook entries from August 13 and 14, 2004. (Pl. Oct. Mot. to Compel, Docket Entry 94.) In that motion, Plaintiff maintained that Defendants had failed to produce the requested documents "for years," and, accordingly, Plaintiff requested sanctions under Federal Rule of Civil Procedure 37(a). (Pl. Oct. Mot. to Compel ¶¶ 4-5.) In response, Defendants stated that the particular logbook in question had been archived and that, thus far, Defendants' searches had been unsuccessful. (Defs. Opp. to Oct. Mot. to Compel, Docket Entry 95.)

4

Judge Brown subsequently issued an Order to Show Cause, directing Defendants to show cause why they should not be sanctioned for their failure to produce the requested logbook. (See Nov. 8, 2012 OTSC.) Defendants asserted that sanctions were inappropriate because they had conducted diligent searches for the logbook. (Defs. Resp. to OTSC at 3.) They also maintained that they had provided the B-3 logbook and that Plaintiff could ascertain the information he needed from the B-3 logbook in conjunction with Defendant Schoenig's time records and the NCCC daily incident sheets. (Defs. Resp. to OTSC at 3.)

On December 10, 2012, Judge Brown held a conference on the matter. At that time, Judge Brown determined that the logbook was discoverable and that, if Defendants found the logbook, they were to produce it. (Dec. 10, 2012 Tr. at 17.) Judge Brown also held, however, that a spoliation remedy was unnecessary because the logbooks sought related to August 13, 2004, and therefore, while they may be relevant to Plaintiff's allegations that Defendant Schoenig threatened Plaintiff on that date, they were likely irrelevant to whether an assault took place on August 24, 2005. (Dec. 10, 2012 Tr. at 18-19.) Further, Judge Brown noted that Plaintiff's request for the logbook had not been made until recently. (Dec. 10, 2012 Tr. at 19.)

5

Later during that same conference, Plaintiff again raised the issue of sanctions against Defendants. Judge Brown reiterated that he would not impose sanctions against Defendants because it did not appear that there had been any bad faith or that Defendants had purposefully withheld any evidence. (Dec. 10, 2012 Tr. at 26.) Plaintiff now appeals from that decision as well.

## DISCUSSION

District courts review nondispositive orders issued by a magistrate judge for clear error. FED. R. CIV. P. 72(a). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Travel Sentry, Inc. v. Tropp, 669 F. Supp. 2d 279, 283 (E.D.N.Y. 2009) (quoting Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Trust for S. Cal., 508 U.S. 602, 622, 113 S. Ct. 2264, 124 L. Ed. 2d 539 (1993)).

With respect to Plaintiff's appeal of Judge Brown's May 22, 2012 decision, the Court finds no clear error. At the time, Plaintiff agreed to having certain discovery documents mailed from defense counsel's office and seemed content that such a procedure avoided lengthy processing of documents at the Clinton Facility. In any event, the Court has no authority in how particular correctional facilities process their mail.

6

Accordingly, Plaintiff's appeal of the May 22, 2012 decision is DENIED.

With respect to Plaintiff's appeal of Judge Brown's December 10, 2012 decision declining to impose sanctions against Defendants, District Courts have wide discretion in determining whether to impose sanctions. See Pall Corp. v. 3M Purification Inc., 279 F.R.D. 209, 212 (E.D.N.Y. 2011) ("Rule 37(b) affords the court broad discretion in fashioning an appropriate sanction." (internal quotation marks and citation omitted)); LeGrande v. Adecco, 233 F.R.D. 253, 256 (N.D.N.Y. 2005) ("The imposition of sanctions under Rule 37 is within the discretion of the court."). A case of alleged spoliation is no different. "Spoliation is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." In re Pfizer Inc. Sec. Litig., 288 F.R.D. 297, 312 (quoting West v. Goodyear Tire & Rubber, Co., 167 F.3d 776, 779 (2d Cir. 1999)). "The determination of an appropriate sanction for spoliation, if any, is confined to the sound discretion of the trial judge, and is assessed on a case-by-case basis." Richard Green (Fine Paintings) v. McClendon, 262 F.R.D. 284, 288 (S.D.N.Y. 2009) (internal quotation marks and citation omitted). Even with such discretion, however, the Court typically must consider whether there was any willfulness or bad faith. See In

7

re Pfizer Inc. Sec. Litig., 288 F.R.D. at 313; Richard Green, 262 F.R.D. at 288; LeGrande, 233 F.R.D. at 257.

Here, the Court finds that there was no clear error in Judge Brown's order declining sanctions. Judge Brown carefully considered the issue after at least two motions to compel from Plaintiff and a relatively in-depth conference on the matter. Moreover, Judge Brown determined that Defendants had not exhibited any bad faith because Defendants had been continually searching for the logbook in question and because Defendants had turned over various other relevant documents. (Dec. 10, 2012 Tr. at 26 (THE COURT: "And I think the fact that the defendants have produced the records relating to an incident involving a significant physical assault, but may have misplaced, lost, not produced something relating to some verbal altercation you had with a guard, suggests that there is no giant coverup here, sir.").) Accordingly, Plaintiff's appeal is DENIED.

## CONCLUSION

Finding no clear error, Judge Brown's orders regarding Plaintiff's receipt of mail and declining to impose sanctions on Defendants are AFFIRMED, and Plaintiff's appeals of those orders are DENIED.

Additionally, Plaintiff's motion in limine (Docket Entry 103) is DISMISSED with leave to re-file at the appropriate time. Plaintiff's additional pending motions (Docket Entries

8

112 and 115) are appropriately before Judge Brown. Accordingly, within fourteen days of Judge Brown's resolution of those motions, Defendants must inform the Court, in writing, of the status of the case.

The Court certifies that pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is directed to mail a copy of this Memorandum and Order to pro se Plaintiff.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   July  10 , 2013
         Central Islip, NY

9